FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 JUL 23 PM 12:12

U.S. DISTRICT COURT
N.D. OF ALABAMA

BARBARA GUTHRIE RANEY           )
                                )
    Plaintiff,                  )
                                )
    vs.                         )    CV-98-PT-0148-E
                                )
STATE FARM MUTUAL AUTO          )
INSURANCE COMPANY               )
                                )
                                )    ENTERED
                                )
    Defendant.                  )    JUL 23 1998

MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion For Partial Summary Judgment filed on May 29, 1998. Plaintiff Barbara Guthrie Raney was involved in an automobile accident in which she sustained serious injuries. She filed suit against her insurer, defendant State Farm, for full payment of benefits she alleges were wrongfully denied and bad faith in withholding information about her policies. She was covered under two auto insurance policies with the defendant on two different cars. She alleges that while one policy's medical payment coverage (MPC) reached its limit at $25,000, her second policy, containing the same amount of medical coverage, should have been stacked to cover the remaining $25,000 in medical bills.

1

Factual Background and Parties' Contentions[1]

On January 2, 1997, in Calhoun County, Alabama, plaintiff's automobile was struck by a car driven by Rachel Nicole Smith. Smith has admitted her responsibility for the accident. Smith is uninsured. As a proximate result of Smith's negligence, plaintiff sustained injuries to her back, neck, spine and disc and contusions to the entire body. Treatment and surgery is ongoing. Medical bills currently exceed $50,000. She suffers pain and permanent disability of at least 10%.

Through State Farm, plaintiff was covered under two policies on two automobiles at the time of the accident. Each policy contained medical payment coverage for up to $25,000 for reasonable medical expenses resulting from bodily injury caused by accident and $100,000 uninsured motor vehicle coverage. Plaintiff alleges that she is entitled to stack the two medical policies as well as the uninsured motorist policies.

Plaintiff makes a bad faith claim against State Farm for its alleged misrepresentations and omissions during the course of her attempting to settle the claim. Raney contends that, at first, she was told that a single policy only covered up to $5,000 of her medical expenses. Upon confronting the agent with a copy of

---

[1]The facts are stated favorably to the plaintiff.

2

her policy, defendant conceded that she had one policy in effect that covered up to $25,000 in medical expenses and $100,000 for uninsured motorist damages.  When her medical bills surpassed the $25,000 mark, defendant notified Raney that any further payment would be drawn from the uninsured motorist coverage and could only be paid after settlement of the uninsured motorist claim.  During this entire interaction, she was never informed that her two owned policies could be stacked to cover her medical expenses.  Upon retaining counsel, according to Raney, defendant acknowledged, for the first time that she did in fact have two policies that could be stacked.  She alleges bad faith failure to pay.[2]

State Farm contends that there is no evidence which supports a claim of bad faith or punitive damages.  A claims representative for the defendant early on notified Raney, by letter, that her medical benefits were up to $25,000.  Defendant argues that there is no breach of an uninsured motorist contract and therefore no bad faith until the insured establishes fault on the part of the uninsured motorist and the amount of damages incurred.  Since neither liability nor damages have been "fixed," according to State Farm, no claim for bad faith denial of uninsured motorist benefits may be maintained.

---

[2] At a recorded conference on July 14, 1998, plaintiff acknowledged that she makes no fraud claim.

Plaintiff argues that she has met her burden and has provided sufficient evidence that Rachel Smith was at fault in causing the accident. She argues that Smith stated she was at fault at the scene. Additionally, the police report recorded Smith accepting responsibility for the collision.

Plaintiff may well be right that State Farm could not reasonably deny the liability of Smith. On the other hand, it is entitled to debate the damages claimed. Thus, plaintiff cannot maintain a bad faith claim based on failure to pay uninsured motorist coverage.

As to the medical pay, there is no evidence of record that defendant has unreasonably refused to pay medical coverage up to $25,000.00. It acknowledged this obligation early on. The law with regard to stacking of medical pay coverage is at least so questionable as to entitle defendant to reasonably debate it.

The motion will be granted at to any tort claims.

This 23rd day of July, 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

4